# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ANDREW PRICE § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. |
| § | |
| HEATHER CREEK APARTMENTS § | |
| and MACK MESQUITE, LLC § | **DEMAND FOR JURY TRIAL** |
| *Defendants.* § | |

## PLAINTFF'S ORIGINAL COMPLAINT

**COME NOW** Plaintiff, Andrew Price and files this Original Complaint against Heather Creek Apartments and Mack Mesquite, LLC as follows:

## INTRODUCTORY STATEMENT

1. This action is brought by Andrew Price who was the victim of harassment during his employment with Defendant, Heather Creek Apartments. He is bringing this action for:

    (a) Creation of a Hostile and Abusive Work Environment;

    (b) Unlawful Employment Practices (42U.S.C. §2000e-2); and

    (d) Intentional infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of this case is invoked under 42 U.S.C. 1331(3) and (4) to secure relief authorized by 29 U.S.C. § 2601(b), 42 U.S.C. § 12101, et seq. as well as § 2000e. In addition, jurisdiction is proper in that Plaintiff seeks declaratory relief and judgment under 28 U.S.C. §§2201 and 2202 declaring that Defendants Heather Creek Apartments and Mack Mesquite, LLC discriminated against Plaintiff. This Court has jurisdiction is also invoked over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

Plaintiff's Original Complaint - 1

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they form part of the same case or controversy under Article III of the United States Constitution as the claims over which this Court has original jurisdiction.

4. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events giving rise to the Plaintiff's claims occurred in this District at Heather Creek Apartments located in Dallas County.

## PARTIES

5. The Plaintiff, Andrew Price, is an adult citizen of Dallas County, State of Texas.

6. The Defendant, Heather Creek Apartments, whose principal place of business is at 1540 N. Galloway Avenue, Mesquite, Texas 75149 and is subject to service of process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. The Defendant, Mack Mesquite, LLC, whose principal place of business is at 2711 N. Haskell Avenue, Dallas, Texas 75204 and is subject to service of process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTS COMMON TO ALL CLAIMS

8. Mr. Andrew Price was employed as a Maintenance Associate at Heather Creek Apartments, which is owned by Mack Mesquite, LLC. Mr. Price was subjected to racial discrimination and a hostile work environment involving fellow employees, Floyd Fazel and his wife Sherry Fazel.

9. Over the course of my employment, he was the victim of constant racial comments and slurs.

10. On or about February 16, 2016, there were racial remarks made by Manager, Floyd Fazel, while Plaintiff and Floyd Fazel were clearing out the filing room. Plaintiff suggested that instead of putting two non-working televisions in the dumpster, that they place them out on the curb in the front of the dumpster. This is a practice that had been followed by the maintenance crew in the past, to allow persons who may interested in the items to take them. Floyd stated to Plaintiff, "No, I don't want to give those dirty Mexicans a reason to come around here looking for nothing," These types of comments quickly became commonplace for Floyd Fazel and Sherry Fazel in the presence of Plaintiff.

11. On or about July 26, 2016, in response to a heated discussion with a African American tenant, Floyd Fazel stated to Plaintiff "See, when people act like that they show their true colors as niggers." Plaintiff being caught off guard and in disbelief, walked away.

12. On or about November 21, 2016, while completing a work order together, Floyd Fazel began to explain to Plaintiff how back in his hometown of Kansas, there was a place referred to as "Nigger Junction" where all the Black folks in town would gather to dance and sing. Floyd Fazel also stated laughingly "We called them monkeys." Plaintiff

expressed to Floyd Fazel, that he found what he said to be offensive, but Floyd told Plaintiff to lighten up.

13. On or about March 3, 2017, Plaintiff came into work singing, and Sherry and Floyd Fazel began laughing loudly. Then Sherry asks Plaintiff, "Did you hear what Floyd just called you?" Without Plaintiff responding, Sherry Fazel stated "Floyd said here comes the singing monkey." Both Floyd and Sherry continued as another associate came into the office, by stating "Andrew came in singing just now and Floyd says here comes the singing monkey. Isn't that hilarious?" Plaintiff immediately took offense and left the office.

14. On March 7, 2017, the Fire Marshall placed Defendant complex on 24-hour Fire Watch, which requires the apartment complex employees to physically watch buildings for 24 hours until the fire alarm for the buildings have been repaired. Employees were designated the shifts and hours that would be taken while on Fire Watch. Employees were instructed that they would not be paid overtime, but instead be given a day or more off. On March 8th, Plaintiff was designated to be on Fire Watch from 12:00am – 8:00am, after his regular shift of 8:30am – 5:30pm on March 7th. Defendant complex told employees that they expected the fire alarms to be repaired by March 8th, although they were not. Plaintiff conducted Fire Watch again from 12:00am – 8:00am, on March 9th. Upon reporting to work for his regular shift at 8:30am on March 9th, Plaintiff requested the day off from Sherry Fazel, due to him being the only employee to have been required to work two sixteen (16) hour shifts since being on Fire Watch. Sherry Fazel denied Plaintiff, with her reason being that "we're all tired." She also stated, "Well you have been disrespectful to Floyd, he tells me that you walk off from him when he is talking to you." When Plaintiff requested the number

to corporate, Sherry told Plaintiff that he could not speak with corporate. Feeling like his back was against the wall and that nothing could be done, Plaintiff put in his resignation.

15. Subsequently, on or about May 16, 2017, Plaintiff timely submitted a formal charge with the EEOC against Heather Creek Apartments for violation of his rights under Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code.

16. Thereafter, the EEOC issued to Plaintiff a Notice of Right to Sue. This action has therefore been timely filed for purposes of the Notice of Right to Sue.

17. Pleading further, Plaintiff would show that Defendants Heather Creek Apartments and Mack Mesquite, LLC has, among other things, violated Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code, rendering Defendants Heather Creek Apartments and Mack Mesquite, LLC liable to Plaintiff for his injuries and damages proximately caused by said violations and egregious conduct.

18. The above and foregoing acts and omissions, whether taken singularly or in any combination, were a proximate cause of Plaintiff's injuries and damages.

**FIRST CLAIM FOR RELIEF**
Creation of a Hostile and Abusive Work Environment – Action for Damages

19. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

20. Defendants Heather Creek Apartments under the ownership of Mack Mesquite, LLC created a work environment that was both hostile and abusive. Managers and other employees of Heather Creek Apartments continuously mocked, and even ridiculed Plaintiff throughout the term of his employment with them, forcing him to end his employment prematurely. This exhibit of ill will, malice, improper motive, and indifference

toward Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

21. As a proximate result of Defendants creation of a hostile and cruel work environment, Plaintiff was subjected to severe emotional distress, including, but not limited to, humiliation and mental anguish, destruction of his professional career, reputation and his ability to earn a living among other things, all to Plaintiff's damage in an amount to be determined at the time of trial.

22. The facts in support of this allegation are *inter alia* as follows:

### SECOND CLAIM FOR RELIEF
Unlawful Employment Practices - Action for Damages
(42U.S.C. §2000e-2)

23. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

24. Title VII of the Civil Rights Act of 1964 makes it illegal for employers to discriminate against employee on the basis of race, color, religion, sex or national origin.

25. 42 U.S.C. § 2000e-2(a) provides in pertinent part, "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

26. Under the supervision of Defendants, Plaintiff was discriminated against on the basis of his race or color. Furthermore, Plaintiff was subjected to consistent racial abuse in the form comments and unfair treatment in the workplace.

27. By their conduct alleged herein, Defendants unlawfully discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment at Defendants company. Defendants, by its poor and inadequate resolution of this matter, has demonstrated its willingness to have this kind of unacceptable behavior perpetrated against Plaintiff and other employees similarly situated.

### THIRD CLAIM FOR RELIEF
Intentional Infliction of Emotional Distress – Action for Damages

28. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

29. The conduct of Defendants as alleged herein, was outrageous, as it exceeded the bounds of common decency tolerated by a civilized society, and was intended to cause Plaintiff to suffer emotional distress or was committed with reckless disregard to the probability of causing Plaintiff to suffer emotional distress.

30. The conduct of Defendanst as alleged herein has caused Plaintiff to suffer severe emotional distress, including, but not limited to, humiliation and mental anguish, as well as loss of income and the destruction of his professional career, reputation and his ability to earn a living among other things, all to Plaintiff's damage in an amount to be determined at the time of trial.

## AGENCY, RESPONDEAT SUPERIOR, RATIFICATION AND/OR NON-DELEGABLE DUTY

31. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

32. Pleading further and/or in the alternative, Defendants Heather Creek Apartments and Mack Mesquite, LLC are responsible for the acts and omissions of its employees, agents and vice principals under the doctrines of respondeat superior, agency, ratification and/or non-delegable duty.

## EXEMPLARY AND/OR PUNITIVE DAMAGES

33. Plaintiff incorporates all allegations set forth in previous paragraphs as fully set forth herein.

34. The conduct of Defendants and its agents, employees and representatives have been done willfully, recklessly, wantonly, maliciously and/or intentionally. Accordingly, Plaintiff is entitled to recover exemplary and punitive damages in an amount determined by the jury that is sufficient to punish Defendants and to serve as an example to others and ass a deterrent to such future conduct.

35. In addition, Plaintiff would show that the foregoing acts and/or omissions of the Defendant, whether taken singularly, collectively, or in any combination, amount to such willful wanton and malicious misconduct as to evidence a conscious indifference to the rights, safety and welfare of Plaintiff.  Additionally, Plaintiff would show as well, that Defendants acts and/or omissions amount to malice, as that term is defined in law.  As a proximate result of Defendants acts and/or omissions, Plaintiff is therefore entitled to recover exemplary or punitive damages from the Defendants.

36. The amount of damages will be according to the proof at trial, and, ultimately, it will be up to the jury or the Court to decide damages. Plaintiff respectfully pray that the trier of fact return a verdict providing for the maximum in actual and punitive damages as to Plaintiff, or in the jury's or Court's discretion, whatever amount of damages that the jury decides is just.

37. In summary, the acts of the individual Defendant which culminated in the unlawful termination of Plaintiff resulted from the willful, wanton, reckless, grossly negligent and total disregard of Plaintiff's Constitutional rights such that exemplary damages should be recovered against them in this action. The acts of Defendants, acting in their individual capacity, were so flagrant as to offend a public's sense of justice and propriety. Such conduct should be justly punished to deter future misconduct.

## ACTUAL AND COMPENSATORY DAMAGES

38. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

39. As a direct and proximate result of Defendants actions and conduct described herein, Plaintiff has suffered, and will continue in the future to suffer, severe mental anguish and emotional distress. The ordeal Defendants have put the Plaintiff through has caused him to suffer extreme embarrassment and humiliation.

40. Plaintiff has suffered out-of-pocket expenses, which include travel expenses, attorneys' fees, and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, and enhanced damages, pre-judgment interest, and post-judgment interest.

41. The amount of total damages suffered by Plaintiff is significant and continuing in nature. Such amounts exceed the minimum jurisdictional limits of this Honorable Court. Plaintiff reserves the right to amend and state further with respect to his damages.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

42. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

43. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

## DEMAND FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer and that upon final hearing, Plaintiff has judgment of and from the Defendants, jointly and severally for:

(a) declaratory judgment;

(b) equitable relief;

(c) past physical pain and mental suffering;

(d) future physical pain and mental suffering;

(e) past and future mental anguish;

(f) past physical impairment;

(g) past loss of enjoyment and quality of life;

(h) future loss of enjoyment and quality of life;

(i) actual, incidental and consequential damages;

(j) past and future medical bills;

(k) reasonable attorney fees;

(l) costs of court;

(m) punitive and exemplary damages in an amount above the minimum jurisdictional limits of this court;

(n) pre-judgment interest at the maximum legal rate for all damages suffered;

(o) post-judgment interest at the maximum legal rate for all damages suffered; and

(p) for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all the issues so triable.

**Respectfully Submitted,**

**THE LAW OFFICE OF DARIAN HOWARD, PLLC**
P.O. Box 411252
Dallas, TX 75241
(214) 372.3333 (Telephone)
(214) 242.2061 (Facsimile)

/s/ *Darian Howard*

**Darian Howard**
**State Bar No. 24067669**

**THE DAVIS LAW GROUP, P.C.**
P.O. BOX 191055
Dallas, TX 75219
(972) 900.3828 (Telephone)
(972) 512.8810 (Facsimile)
cdavis@davislawgrp.com

/s/ *Corwyn M. Davis*

**Corwyn M. Davis**
**State Bar No. 24078399**